# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL STEVE DIXON, | Case No.: 1:16-cv-00133-AWI-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS (ECF No. 3) AND PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL (ECF No. 6) |
| v. | |
| JEFFREY BEARD, et al., | |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

## FINDINGS AND RECOMMENDATIONS

### I.     Background

On October 6, 2015, Plaintiff Daniel Steve Dixon ("Plaintiff"), a state prisoner proceeding pro se, filed a petition for writ of mandate and declaratory relief ("Petition") in Tuolumne County Superior Court.  (ECF No. 1, pp. 5-84.)  Plaintiff named a number of defendants in his Petition, including Defendant John C. Kelso, in his capacity as Receiver for the California state prison medical care system, pursuant to Plata v. Schwarzenegger, et al., C01–1351–TEH (N.D. Cal. Jan. 23, 2008). (Id. at pp. 11-12, ¶ 8 & n.2.) Plaintiff's Petition generally alleges that his request for soft-sole shoes due to medical issues is being wrongfully denied.

On January 28, 2016, Defendant Kelso removed this action to this federal district court by filing a notice of removal. (ECF No. 1, pp. 1-2.) Defendant Kelso asserted in the notice of removal that he, as the Receiver appointed under Plata, may remove this civil action pursuant to

28 U.S.C. § 1442(a)(1), (3), because the claims in the Petition are directly related to the exercise of the Receiver's federal court-ordered authority and duties. (Id.) Shortly thereafter, on February 3, 2016, Defendant Kelso moved for an order dismissing Plaintiff's Petition without leave to amend for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), or in the alternative for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 3.)

Plaintiff did not file an opposition to Defendant Kelso's motion. Instead, on February 25, 2016, Plaintiff filed a motion for voluntary dismissal of his action, without prejudice, under Federal Rule of Civil Procedure 41(a), with a supporting declaration. (ECF No. 6.) On March 1, 2016, Defendant Kelso filed a reply in support of his motion to dismiss and/or for summary judgment, noting Plaintiff did not file an opposition to his motion, but acknowledging that Plaintiff has requested a voluntary dismissal of this action. (ECF No. 7.)

On March 9, 2016, Plaintiff filed a response to Defendant Kelso's reply, stating that his motion for voluntary dismissal was his timely response to Defendant Kelso's motion. He further asserted that he provided sufficient legal support for his request for a voluntary dismissal. (ECF No. 9.)

The Court finds the time for responses and replies to the parties' motions have expired, and the motions are deemed submitted. Local Rule 230(l).

## II.    Plaintiff's Motion for Voluntary Dismissal

The Court will first address Plaintiff's motion for a voluntary dismissal of this action, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a), because the determination of that motion affects whether the Court may consider the merits of Plaintiff's Petition, and specifically Defendant Kelso's motion to dismiss that Petition. See Duke Energy Trading & Mktg., L.L.C. v. Davis, 267 F.3d 1042, 1049 (9th Cir. 2001) ("Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.").

"[U]nder Rule 41(a)(1)(i), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment." Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999)

(quotation and citation omitted).  "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it."  Id. at 1078.

Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff may request dismissal after an opposing party has served a motion for summary judgment "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "A motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal." Hepp v. Conoco, Inc., 97 F. App'x 124, 125 (9th Cir. 2004) (citations omitted). "Legal prejudice is prejudice to 'some legal interest, some legal claim, [or] some legal argument.'" Maxum Indem. Ins. Co. v. A-1 All Am. Roofing Co., 299 F. App'x 664, 666 (9th Cir. 2008) (quoting Westlands Water Dist. V. United States, 100 F.3d 94, 97 (9th Cir. 1996)).

In this case, it is not entirely clear which provision of Federal Rule of Civil Procedure 41(a) that Plaintiff relies upon in seeking a voluntary dismissal. Plaintiff's motion cites to Rule 41(a)(2). (ECF No. 6, p. 1.) His arguments in the motion and response briefs, however, rely on Black v. United States, No. CV-08-102-RHW, 2009 WL 192469 (E.D. Wash. Jan. 27, 2009). In Black, the court found that the plaintiff was permitted to voluntarily dismiss his action, without prejudice, pursuant to Rule 41(a)(1).

The facts of the Black case are similar to the facts in this matter. In Black, the defendants filed a motion to dismiss, styled as a motion for summary judgement in the alternative. The plaintiff asked the court to dismiss the case without prejudice pursuant to Rule 41(a)(1), because the defendants had not filed any answer. The defendants objected, arguing that due to their filing of a motion to dismiss or for summary judgment in the alternative, Rule 41(a)(2) applied.

The court in Black noted that despite the defendants' styling their motion as a motion for summary judgment in the alternative, they did not provide a statement of facts as required for a proper Rule 56 motion under the local rules. Thus, the defendants' motion was properly characterized as a motion to dismiss. Further, the Black court recognized that under Ninth Circuit precedent, the filing of a motion to dismiss does not trigger Rule 41(a)(2). Id. at *1. See also

<u>Swedberg v. Marotzke</u>, 339 F.3d 1139, 1146 (9th Cir. 2003) ("A Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating, preferably by an explicit ruling, that it will not exclude those materials from its consideration. Until the district court has so acted, a plaintiff is free to file a proper notice of dismissal pursuant to Rule 41(a)(1).").

In this case, Defendant Kelso's motion asserts that Plaintiff's Petition fails to state a claim for relief against him. Defendant Kelso states that Plaintiff alleges a violation of California Penal Code ("CPC") § 2625(d) for depriving him of his soft-soled shoes. Defendant Kelso argues that the Petition admits on its face that Plaintiff's primary care physician, several department physicians, and the prison medical personnel and administration, have determined the shoes were not medically necessary, undermining this claim. (ECF No. 3-1, pp. 10-11.) (See Petition, ECF No. 1, ¶¶ 26-35). Defendant Kelso further argues that there is no private right of action under CPC § 2625(d) anyway. (<u>Id</u>. at 11.) Defendant Kelso next argues that Plaintiff cannot state a claim against him for any violation of the correctional appeals procedures due to dissatisfaction with the appeals process, nor can he state a claim for any violation of prison administrative statutes based merely on the fact that the Receiver was copied on correspondence concerning Plaintiff's appeal. (<u>Id</u>. at 12-13.) Finally, Defendant Kelso argues that Plaintiff has no cognizable claim for declaratory or injunctive relief, as Plaintiff may not dictate his medical course of treatment simply because he disagrees with the medical personnel's decisions, and because his request for injunctive relief is precluded by <u>Plata</u>. (Id. at 13-15.)

Defendant Kelso's arguments in support of summary judgment are limited to the Court's consideration of the exhibits Plaintiff attached to and referred to in the Petition. Defendant Kelso argues that these exhibits are consistent with the allegations of the Petition, that the medical staff and officials determined Plaintiff's soft-soled shoes were not medically required. (ECF No. 3-1, pp. 10-11.) Defendant Kelso has not submitted any extrinsic evidence in support of summary judgment, nor has he filed a statement of undisputed facts in support of a motion for summary judgment, as required by the Local Rules. Local Rule 260(a).

///

1    Defendant Kelso's motion is properly characterized solely as a motion to dismiss under

2    Rule 12(b)(6). When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers

3    evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56

4    motion for summary judgment, and it must give the nonmoving party an opportunity to respond.

5    Fed. R. Civ. P. 12(d); Parrino v. FHP, Inc., 146 F.3d 699, 706 n. 4 (9th Cir. 1998). A court may,

6    however, consider exhibits attached to the complaint, Hal Roach Studios, Inc. v. Richard Feiner

7    & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and documents incorporated by reference

8    into the complaint, Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir.

9    2002), without converting the motion to dismiss into a motion for summary judgment. Thus,

10   since Defendant Kelso only relies on the Petition and the attached exhibits referred to in the

11   Petition in his motion, the motion would not be converted into any motion for summary

12   judgment under Rule 56.

13   Based on the foregoing, Rule 41(a)(2) has not been triggered in this case by Defendant

14   Kelso's motion, and Plaintiff is entitled to dismiss this action pursuant to Rule 41(a)(1)(A)(i),

15   which he accomplished by filing his request for voluntary dismissal on February 25, 2016. For

16   these reasons, the Court shall not consider the merits of Defendant Kelso's motion to dismiss,

17   which has been rendered moot by Plaintiff's voluntary dismissal of this action.

18   **III.    Conclusion and Recommendations**

19   For the reasons set forth above, the Court HEREBY RECOMMENDS that:

20       1.    Plaintiff's motion to voluntarily dismiss this action, without prejudice, (ECF No.

21             6), be GRANTED; and

22       2.    Defendant's motion to dismiss (ECF No. 3) be DENIED, as moot.

23   These Findings and Recommendations will be submitted to the United States District

24   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

25   **fourteen (14) days** after being served with these Findings and Recommendations, the parties

26   may file written objections with the Court. The document should be captioned "Objections to

27   Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file

28   objections within the specified time may result in the waiver of the "right to challenge the

1   magistrate's factual findings" on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir.

2   2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

3

4   IT IS SO ORDERED.

5       Dated:   **September 1, 2016**        /s/ *Barbara A. McAuliffe*

6                                        UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28